By the Court:
1. An indictment for forgery must not only allege the false making or alteration of a writing specified in the statute, with intent to defraud some named person or body corporate, but it must also appear on the face of the indictement, that the fabricated writing, either of itself or in connection with the extrinsic facts averred, is such, that if genuine, it would be valid in the law to prejudice the rights of the person or body corporate thus named.
2. Although in this case the indictment charges that Clarke, with intent to defraud Lupton, falsely altered the receipt made to Lupton by the county treasurer, for the payment of certain taxes due from Lupton, for the given year, so that the receipt, in its altered form, represented the payment of a sum larger than that originally expressed therein; yet, as the indictment does not aver any extrinsic circumstances giving the receipt an operation beyond that imported by its terms, and as by its terms, solely, the receipt had no legal efficacy as against Lupton, it could not, therefore, in contemplation of law, impair any of his rights-. The indictment is, therefore, on its face, defective.

Judgment reversed and, cause remanded.